# The Lubin Manufacturing Company, Appellant, *v.* Swaab.

*Replevin—Evidence—Relevancy—Cross-examination — Binding instructions—Damages—Premature issuance of writ—Nominal damages—Instructions to jury—Exemplary damages.*

1. In an action of replevin to recover certain moving picture films leased to defendant by the plaintiff it appeared that both parties were licensed by the owners of the patents upon the films, the plaintiff to manufacture and lease films to licensed exchanges, the defendant to operate such exchange to sub-let films to licensed exhibitors; that the contract between the patentee and the defendant provided that should the agreement be terminated by the licensor for any breach of condition, the right to possession of all licensed films would twenty days after notice of such termination revert to the licensed manufacturers from whom they had been obtained, and that the pictures should be returned to such manufacturers, "at once after the expiration of that period"; that each motion picture sought to be recovered was delivered to the defendant in a box containing a label with the condition printed thereon, that the licensee only had the right to sub-let the motion picture contained in the box while his license agreement with the patentee remained in effect, and that violation of the condition would entitle the licensor "to immediate possession of this motion picture"; that a written notice of cancellation of defendant's license was given by the patentee for violation of the terms of the defendant's license agreement; and that the writ of replevin was issued one day before the expiration of the twenty day period. Plaintiff claimed to recover upon an alleged breach of the condition of the label contract entitling it to immediate possession of the films without waiting for the expiration of the twenty day period, but did not prove beyond controversy that the defendant had sub-let any licensed films after the annulment of his authority so to do, or that films admitted by defendant's witnesses to have been sub-let

subsequent to the revocation of the license were among those covered by plaintiff's writ. *Held*, that the case was for the jury.

2. In such case it is not error for the court to strike out testimony elicited from the defendant on cross examination to the effect that he had other films which he had received from plaintiff, and which he had not been required to return, where such testimony did not clearly tend to support plaintiff's purpose of refuting the contention that the defendant had been unduly oppressed by the manner in which the writ was executed.

3. In such a case questions tending to show an unpleaded breach of a condition of the lease are properly excluded.

4. It is error in such a case for the court to permit the defendant to put in evidence writs issued by other plaintiffs against the defendant and served simultaneously with the writ in suit, in support of defendant's contention that there was undue oppression at the time of the replevin and that a conspiracy existed between the plaintiff and others to harm the defendant, where the latter failed to produce evidence from which an unlawful combination could be found or to show that he was subject to any unusual oppression.

5. In such a case defendant is entitled to actual damages if the writ was prematurely issued and while his recovery would of necessity be limited to the value of such use as he would be entitled to make of the films under the conditions and restrictions of his contract after the date of the cancellation of his license, it cannot be said as a matter of law that they would be merely nominal, nor can they be restricted to one day's loss, on the theory that the writ would have been good if issued the following day.

6. In such a case it is error for the court to affirm a point to the effect that if the jury finds for the defendant and further finds "that the taking was attended by circumstances of aggravation, vexation and hardship, exemplary damages are allowable" where the evidence fails to show special vexation or oppression beyond the inconvenience bound to be caused in the proceeding.

7. It is error for the court in such a case to make reference in his charge, and submit an issue to the jury, based upon evidence which has been stricken out, or upon an assumed fact which there is no evidence to sustain.

Argued Jan. 21, 1913. Appeal, No. 342, Jan. T., 1912, by plaintiff, from judgment of C. P. No. 2, Philadelphia Co., Dec. T., 1910, No. 3662, on verdict for defendant in case of The Lubin Manufacturing Company v. Lewis M.

Swaab. Before FELL, C. J., BROWN, MESTREZAT, POTTER and MOSCHZISKER, JJ. Reversed.

Replevin to recover moving picture films leased under a license agreement. Before WILTBANK, J.

The facts are stated in the opinion of the Supreme Court.

The record disclosed the following rulings on evidence: Upon cross-examination the defendant was asked, relative to other films obtained from the plaintiff beyond those covered by the action of replevin:

"Q. Did you ever return any of those?

"A. No, sir.

"(Objected to as immaterial, and counsel for defendant moves to strike out the answer.)

"Mr. Simpson: I propose to show by the dealing between the parties and by the actions of this man that there is absolutely no oppression at all.

"(Motion to strike out allowed. Exception noted for plaintiff.)" (1) "Q. The condition, Section 14, of the Exchange License Agreement between the Motion Picture Patents Company and yourself, provides as follows: 'The licensee shall on each Monday during the continuance of this agreement make or mail payment to each licensed manufacturer or importer for all invoices for licensed motion pictures which have been received by the licensee during the preceding week.' Will you kindly tell us when, preceding January 4, 1911, you last mailed to the Lubin Manufacturing Company, from whom, as a licensed manufacturer, you had received certain of these films, any payment in accordance with that section of the agreement?

"A. (Objected to, first, because it is not cross-examination; secondly, it does not come within the amended pleadings in this case. Objection sustained. Exception noted for plaintiff.)" (2)

In the presentation of defendant's case:

"(Counsel for defendant offers in evidence the nine writs of replevin issued in the nine other cases out of

this court at the same time the one being tried was is-
sued, and to which the witnesses have referred. They
all arose in C. P. No. 2, of December Term, 1910, and
were numbered as follows, respectively: 3660, 3661,
3663, 3665, 3666, 3667, 3668, 3669.)

"Mr. Rawle: I think, under the circumstances, I
would ask what counsel proposes to prove by this offer.

"The Court: He proposes to corroborate what he has
already shown by the witnesses, to wit, that there were
nine replevins.

"(Objected to by plaintiff as irrelevant. Objection
overruled. Exception to plaintiff.)" (3).

"(Plaintiff moves to strike out from the evidence the
record in the other nine replevin suits, because that evi-
dence was admitted also as part of the attempting to
show a combination together to do a wrongful act and
there was no combination shown, but there was a legal
process and each party is entitled to pay, if he has done
wrong, for his own wrong.)

"(Motion overruled. Exception to plaintiff.)" (4)

The judge charged the jury in part as follows:

"That is the testimony as recorded, of Mr. Steifel.
You will observe that it is not clear from that evidence
(though I leave it to you to say—I leave it to you to
determine the effect of that evidence stating it as it
stands), that Swaab violated his contract in supplying
those films up to Saturday, the 7th of January. The
cancellation having been made on the 4th of January,
if he did entirely disregard that cancellation, then he
was answerable, he committed an offense, and the re-
plevin was right; but if he merely carried out an ar-
rangement with Mr. Steifel that antedated the cancel-
lation, and merely delivered to him goods that he had
stipulated for, by the week for instance, then there is not
a violation of the terms of the contract." (16)

"With regard to the claim of damages on the part of
the defendant should you reach that inquiry, that is to
say, should you find a verdict for him and then reach

that stage of the inquiry you will be entitled to consider, and he will be entitled to have you consider whether or not there was caused by the replevin, the action of the plaintiff and his agent there, any damage to his interest or to his property which did not reasonably follow upon the execution of the writ. If he was subjected to a loss which was unreasonably imposed upon him, that is to say, which did not follow upon the regular, proper, lawful execution of the writ of replevin, he would be entitled to have you consider the extent of that damage and estimate it in money, and report that in your verdict. Your verdict under the circumstances would be for the defendant, the value of the goods, and if you find there were any damages, the extent of the damage." (17)

The jury found a verdict for defendant, with $1,800 damages, upon which judgment was entered. Plaintiff appealed.

*Errors assigned* were, inter alia, (1, 3) above rulings on evidence (16, 17) instructions to jury; and refusal of binding instructions and judgment n. o. v. for plaintiff. Other assignments are sufficiently explained in the opinion of the Supreme Court.

*Alex. Simpson, Jr.,* with him *Joseph L. McAleer,* for appellant.—It was error to leave to the jury the question of punitive damages: Wright v. Philadelphia Rapid Transit Co., 236 Pa. 132; Philadelphia Traction Co. v. Orbann, 119 Pa. 37; Palmer v. Philadelphia, Balto. & Wash. R. R. Co., 218 Pa. 114; Lynch v. Troxell, 207 Pa. 162; Pure Oil Co. v. Terry, 209 Pa. 403; Cox v. Burdett, 23 Pa. Superior Ct. 346; Wiley v. McGrath, 194 Pa. 498; Cummings v. Gann, 52 Pa. 484; McCabe v. Morehead, 1 W. & S. 513; Funk v. Kerbaugh, 222 Pa. 18; Carey v. Bright, 58 Pa. 70; Wells on Replevin, (2d Ed.) Sec. 622, p. 512.

Binding instructions should have been given or a

judgment n. o. v. entered for plaintiff or for defendant for nominal damages only: Continental Title & Trust Co. v. Devlin, 209 Pa. 380; Houghton, Mifflin & Co. v. Du Bell, 15 Pa. D. R. 833; Hart v. Evans, 8 Pa. 13; Agnew v. Johnson, 22 Pa. 471.

*Henry N. Wessel,* with him *Alfred Aarons,* for appellee.—The plaintiff could not recover upon the weakness of the defendant's case, but the burden was upon it to prove its title to the films in question. This substantive question of fact the court was bound to leave to the jury: Zerger v. Sailer, 6 Binney 24; White v. Kyle, 1 S. & R. 515; Hamilton v. Menor, 2 S. & R. 70; Philadelphia & Trenton R. R. Co. v. Hagan, 47 Pa. 244; Cullum v. Wagstaff, 48 Pa. 300; Loeb v. Mellinger, 12 Pa. Superior Ct. 592; Troxell v. Malin, 9 Pa. Superior Ct. 483; Lehigh Coal & Nav. Co. v. Evans, 176 Pa. 28; Com. v. Jongrass, 181 Pa. 172; Lautner v. Kann, 184 Pa. 334; Penna. Railroad Co. v. Fortney, 90 Pa. 323; Kohler v. Railroad Co., 135 Pa. 346.

The instruction on the measure of damages was correct: M'Donald v. Scaife, 11 Pa. 381; Cox v. Burdett, 23 Pa. Superior Ct. 346; McCabe v. Morehead, 1 W. & S. 513; Grim v. Reinbold, 12 Pa. C. C. R. 223; Wiley v. McGrath, 194 Pa. 498; Herdic v. Young, 55 Pa. 177; Williams v. Phelps, 16 Wis. 80; Boston Loan Co. v. Myers, 143 Mass. 446 (9 N. E. Repr. 805); Smith v. Machine Co., 50 Pa. Superior Ct. 92; Lord v. Water Co., 135 Pa. 122.

OPINION BY MR. JUSTICE MOSCHZISKER, March 31, 1913:

The Lubin Manufacturing Co., a Pennsylvania corporation, brought an action of replevin to recover nine moving picture films; the jury found for the defendant, with $1,800 damages; judgment was entered upon the verdict and the plaintiff has appealed.

The plaintiff corporation was licensed by the Moving

Picture Patents Co., the owner of certain patents relating to moving pictures, to manufacture and lease films to licensed exchanges; the defendant operated one of these exchanges, which was licensed by the Patents Company to sub-let films to licensed exhibitors; the contract between the Patents Company and the defendant provided that, should the agreement be terminated by the licensor for any breach of condition, the right to possession of all licensed motion pictures would twenty days after notice of such termination revert to the licensed manufacturers from whom they had been obtained, and, that the pictures should be returned to such manufacturers "at once after the expiration of that period." Each motion picture sought to be recovered contained the plaintiff's trade-mark and was delivered to the defendant in a box containing a label with certain contract conditions printed thereon, inter alia, that the licensee only had the right to sub-let the motion picture contained in the box while his license agreement with the Patents Company remained in full force and effect, and that violation of any of the conditions printed on the label would entitle the lessor "to immediate possession of this motion picture." A written notice of cancellation of the license of the defendant was given by the Patents Company on January 3, 1911, but did not reach him until the following day. The notice specifically stated that the annulment was for violation of the terms and conditions of defendant's license agreement, and that all licensed motion pictures in his possession should be returned to the "manufacturers thereof upon expiration of twenty days from date." On January 24, 1911, the writ of replevin issued. In the original statement of claim the plaintiff depended upon its right to possession of the films at the end of the twenty days stipulated in the license contract and mentioned in the notice; but at trial it was allowed to amend and to furnish a bill of particulars, wherein it averred that the defendant had sub-let the motion picture films sought to be replevied after

his license had been revoked by the Patents Company, contrary to the conditions of the label contract, and that thereupon the plaintiff was entitled to immediate possession of such films without waiting for the expiration of the twenty days given for their return in the license contract. The defense rested upon several grounds, the principal of which was that the writ had issued prematurely. The assignments of error raise a number of questions which we shall dispose of in order.

The first assignment complains that the trial judge struck out certain testimony given by the defendant on cross examination, to the effect that on January 24, 1911, he had in his possession "quite a number of films" in addition to those covered by the replevin, which films he had obtained from the plaintiff company and had not returned. One of the contentions of the defendant was that he had been subjected to undue oppression in the manner in which the writ of replevin was executed, and the testimony in question was elicited by the plaintiff for the purpose of showing that there was "absolutely no oppression." We are not convinced that the trial judge committed error in the ruling under consideration, for it is not at all clear that the testimony tended to support the purpose for which it was offered. The assignment is overruled.

The second assignment calls attention to a question propounded to the defendant upon cross-examination, in relation to an alleged default on his part in not complying with certain terms of his license agreement; this particular default was not pleaded and hence there was no error in declining to permit an inquiry in relation thereto. The assignment is overruled.

The third and fourth assignments cover the admission in evidence of nine writs of replevin issued in other cases by other plaintiffs but served simultaneously with the writ in this case, and the trial judge's subsequent refusal to strike this evidence out. Among the defenses averred were undue oppression at the time of the re-

plevin and a conspiracy between the plaintiff, the Patents Company and others to harm the defendant; the latter was allowed considerable latitude to show the alleged conspiracy and oppression, and in this connection he was permitted to refer to these nine other writs; but he failed to produce evidence from which an unlawful combination between the plaintiff and others could be found or to show that he was subjected to any unusual oppression. Under these circumstances the other writs of replevin had no place in the case, and since exemplary damages were claimed their admission must have been prejudicial to the plaintiff. The rulings in question constitute material error and these assignments are sustained.

The fifth, sixth and seventh assignments complain of the refusal to give binding instructions or to enter judgment non obstante veredicto for the plaintiff. It is argued that the testimony of certain witnesses called by the defendant shows that he did in fact sub-let films which were the property of the plaintiff after the cancellation of his license by the Patents Company, and it is contended that this breach of the conditions printed upon the labels entitled the plaintiff to immediate possession of the films sought to be recovered by the replevin. But the appellant apparently overlooks the fact that the conditions printed upon the respective labels did not constitute a contract affecting generally all licensed motion pictures possessed by the defendant, as did the license agreement with the Patents Company; on the contrary, the label contract was restricted in each instance to the contents of the particular box to which it was attached. Unless it was made to appear that the very films covered by the writ had been sub-let after the date of the cancellation, in violation of the contracts printed on their various box labels, the terms of those contracts could not be depended upon to support the plaintiff's action. It is not clear beyond controversy that the defendant had sub-let any licensed films after

the annulment of his authority so to do, and more particularly it is not clear that the films referred to by the witnesses who testified that they had received service from the defendant subsequently to the revocation of his license, were among those covered by the plaintiff's writ; hence, so far as the films replevied were concerned, since it did not plainly appear that they had been thus sublet, it could not be held as a matter of law that the plaintiff was entitled to their immediate possession. These assignments are overruled.

The eighth, ninth and tenth assignments cover the refusal of the trial judge to charge that the defendant would not in any event be entitled to more than nominal damages. If there was no violation of the label contracts connected with the particular films replevied, the replevin was premature, for at the time the writ issued, the twenty days given in the license contract for the return of the films had not expired by one day. If the writ was prematurely issued it was bad, and the defendant was entitled to whatever actual damages the jury might find he had proved. So far as the value of the defendant's right of possession entered into the assessment of damages, by reason of the terms of the general contract under which he held all licensed films, his recovery would of necessity be limited to the value of such use as he would be entitled to make of the films under the conditions and restrictions of that contract after the date of the cancellation of his license. (See Cobbey on Replevin, 2nd Ed., Section 897.) But the damages could not be restricted to one day's loss, as urged by the appellant, on the theory that the writ would have been good had it issued on the following day. No authority is cited for any such doctrine, and so to hold might lead to dangerous results in the future; for under such a general rule of law claimants of property could well afford to risk merely nominal damages and take out writs before their right of possession had actually vested. Owing to the position in which the defendant is placed by the terms

of the license contract under which he operated his business, the damages which it is possible for him to recover may be inconsiderable, but we cannot say as a matter of law that they would be merely nominal. These assignments are overruled.

The eleventh assignment calls attention to the refusal of a point for charge, submitted by the plaintiff, which was tantamount to a request for binding instructions. Much that we have already said in disposing of the fifth, sixth and seventh assignments is applicable to the present one and need not be repeated here. The assignment is overruled.

The twelfth assignment complains of the affirmance of a point to the effect that, if the jury finds for the defendant and further finds "that the taking was attended by circumstances of aggravation, vexation and hardship, . exemplary damages are allowable." We have already said, under the third and fourth assignments, that the evidence failed to show any unusual oppression at the time the goods were taken under the writ. In the nature of things, when the sheriff's officers came to the defendant's place of business the proceeding was bound to cause him inconvenience; but they did not remain an unusual time, and the fact that a watchman was left in charge for some days afterwards, pending the determination of certain legal steps taken by the defendant, was in nowise out of the ordinary; furthermore, the five men who helped the sheriff's officers find the goods covered by the writ were representatives of the Patents Company and not of the plaintiff. The carrying away of some boxes, etc., belonging to the defendant, in connection with the replevied films, could not be termed an act of outrage under the circumstances; the articles were returned the next day, and if the taking caused any special damage the defendant was entitled to prove and recover his loss as such. When upon the stand, in answer to the question, "I am asking you how, as a physical fact, at your place, you were in any way interfered with in the

transaction of your business, except as to these reels which were the subject of this replevin?" the defendant replied, "There was no other interference." In Cummings v. Gann, 52 Pa. 484, an action of replevin, at page 491, we said, "It must be a rare case of misconduct,.....in an action like this to authorize them (exemplary damages) at all," and in McCabe v. Morehead, 1 W. & S. 513, 516, we said, "The defendant is not entitled to any special damages he has sustained by being interrupted in his business in consequence of the property being taken from him under the replevin." Again, in Carey v. Bright, 58 Pa. 70, 85, we said that where the evidence fails to show special vexation or oppression the court should call this fact to the attention of the jury and not permit exemplary damages. The request for charge covered by this assignment ought not to have been affirmed; the assignment is sustained.

By the thirteenth and fourteenth assignments the appellant submits that error was committed in leaving the issue of the plaintiff's ownership of the replevied films to the jury. It is true that the ownership of this property was duly proved by the plaintiff and admitted by the defendant; but these assignments will not be sustained, for the error, if any, was subsequently effectually cured by the trial judge in his answer to one of the plaintiff's points.

The fifteenth assignment complains of a part of the charge wherein the trial judge made reference to, and submitted an issue growing out of certain testimony which had been stricken from the record; this was error and the assignment is sustained.

Under the sixteenth and seventeenth assignments the appellant contends that the trial judge committed error in instructing the jury that, after the date of the annulment of the defendant's license by the Patents Company, he had the right to deliver to a licensed exhibitor films leased to him by the plaintiff, if in so doing he was merely carrying out an arrangement with the ex-

hibitor which antedated the cancellation. According to the general licensing arrangement controlling the business in which the parties to this controversy were engaged, a licensed exchange was under no obligation and had no right to deliver a film after the date of the cancellation of its authority so to do, and all licensed exhibitors must have known that they could not insist upon service from an exchange after the annulment of the latter's license. In addition to this, we find nothing in the evidence which would sustain a finding that the defendant was merely "carrying out an arrangement which antedated the cancellation" when he made the delivery referred to by the trial judge in this part of his charge. These assignments are sustained.

What we have already written amply covers the matters called to our attention in the remaining assignments of error, and we trust it will prove a sufficient guide should this case be again tried.

The judgment is reversed with a venire facias de novo.