## Blossom Products Corporation *v.* National Underwear Company, Appellant.

384

Argued January 26, 1937. Before KEPHART, C. J.,
SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*Dallas Dillinger, Jr.,* with him *Claude T. Reno,* for
appellant.

*David Getz* and *Groman & Rapoport,* for appellee, were not heard.

OPINION BY MR. CHIEF JUSTICE KEPHART, March 22, 1937:

Plaintiff in an action of replevin averred ownership of cut rayon material for 11,348 dozens rayon underwear garments delivered to defendant under an agreement, effective March 1, 1934, to continue until September 1, 1934, with the privilege in either party to terminate it upon notice in writing. Plaintiff was to deliver to defendant a minimum quantity of cut material to be manufactured by it into finished garments. Plaintiff alleged a breach of the contract and defendant's refusal to surrender the material upon demand. Defendant denied breach of agreement and plaintiff's ownership, claiming a lien for work done and damages for a breach of the contract on plaintiff's part.

At the trial plaintiff produced evidence that the cut rayon material seized by the sheriff belonged to it, but its witnesses were unable to identify the goods as having been delivered after March 1, 1934, since goods had been delivered to defendant for a period of several months prior to that date under some other agreement. Without introducing any testimony defendant moved for a directed verdict on the ground that plaintiff had failed to make out a prima facie case entitling it to possession of the goods, because there was no evidence proving that all the cut rayon material seized by the sheriff had been delivered to defendant subsequent to March 1, 1934, under the written agreement, and plaintiff had failed to establish a breach of the contract or its termination by the required written notice. The court below directed a verdict for plaintiff, hence this appeal.

The facts present the following question: Can an owner of unfinished goods, who has delivered them to a manufacturer to be returned as finished articles, sustain an action of replevin against the manufacturer of the

unfinished goods without identifying the goods as having been delivered under the contract pleaded and showing a breach or termination of the contract?

. Appellant misconceives the issue involved in a replevin action under the Act of April 19, 1901, P. L. 88, Section 6.* It also misapprehends the nature of the rights and obligations arising under the contract as distinguished from a general or special property in the disputed goods and the rights incidental thereto. Appellant's entire argument is based upon the premise that the contract vested in it an exclusive right to possession as against appellee until the agreement was terminated in accordance with its terms or rescinded after breach.

The issue in a replevin action is confined to the question of title and the exclusive right of possession. In *White Co. v. Union Transfer Co.*, 270 Pa. 514, 515, this court stated: "In an action of replevin, the plaintiff must establish either a general or special property in the goods replevied, and his right to possession, which right must be exclusive to authorize a delivery of the property to him." The burden rests upon the plaintiff to establish such an interest in the property replevied as entitles him to exclusive possession: *McKee v. Ward*, 289 Pa. 414, 417; *Leitch v. Sanford Motor Truck Co.*, 279 Pa. 160, 164. The issue must be strictly limited to title and right of possession, and all matters foreign thereto must be excluded from consideration and are not available as defenses: *Michael v. Stuber*, 73 Pa. Superior Ct. 390. In *Judson C. Burns, Inc., v. Weinberg*, 119 Pa. Superior Ct. 571, 574, the court said: "[Replevin] is, in form, an action ex delicto and the defendant may not avail himself of the defense which is in the nature of a set-off." See *Hall's Safe Co. v. Walenk*, 42 Pa. Superior Ct. 576, 580.

---

* "The declaration and affidavit of defense as originally filed, or as amended by leave of court, shall constitute the issues under which, without other pleadings, the question of the title to, or right of possession of, the goods and chattels as between all the parties shall be determined by a jury."

Where pleadings in replevin set forth a good cause of action, extraneous matter will be treated as surplusage; it will not defeat plaintiff's right to recover if he establishes a general or special property interest entitling him to exclusive possession: *McCrary v. McCully*, 75 Pa. Superior Ct. 464, 468.

Applying these principles to the facts of the instant case, appellee made out a prima facie case by presenting uncontroverted evidence of its title to the rayon material, which entitled it to immediate, exclusive possession of the property as against appellant, and the burden shifted to appellant to prove property, general or special, vesting it with the right to retain possession, or at least a lien, giving it the right to a conditional verdict under the Act of April 19, 1901, P. L. 88, Section 6, which provides: "If any party be found to have only a lien upon said goods and chattels, a conditional verdict may be entered, which the court shall enforce in accordance with equitable principles."

If appellant had a statutory or common law lien on the goods, it did not produce any evidence in support thereof justifying its retention of possession. Appellant failed to prove property in the goods which would permit it to retain them.

Under the agreement appellant obtained possession of the rayon material lawfully for the purpose of manufacturing it into finished products, but beyond that, as against appellee, the contract had no further significance. A contract providing for delivery of materials by the owner to another for the performance of specified services upon them does not, as against the owner, vest any property, special or general, in the one who is to perform the services, nor does such contract confer upon him a right to retain possession of the goods until performance of the contract has been completed or it has been breached or cancelled in a lawful manner. Such contract, as against the owner, gives no right to retain possession and must be distinguished from a bailment

lease, which gives the bailee a special property, entitling him to retain possession as against the owner, in the absence of a breach of contract on his part or its termination in accordance with its terms. Where there is a bailment lease the rule is well established that the bailor has no right to exclusive possession against the bailee unless the bailee has breached it or it has been otherwise lawfully terminated, and in a replevin action the bailor must show a right of possession through breach by bailee or lawful cancellation: *White Co. v. Union Transfer Co.,* supra; *Vitagraph Co. of America v. Swaab,* 248 Pa. 478; *The Lubin Mfr. Co. v. Swaab,* 240 Pa. 182. In the case at bar the contract does not constitute a lease of the goods. They were placed in appellant's possession solely to permit performance of the contract. Their continued possession by appellant was at appellee's will. At any time appellee had the right to take back the material. Under the evidence appellant had no property in the goods whatsoever which would justify its retention of possession against appellee's will.

Any question concerning breach of the agreement by appellant was foreign to the issue of title and right of possession and immaterial. This allegation, as well as the averment that the goods were delivered under the contract, were pure surplusage. Appellee's replevin action cannot be defeated by reason of the fact he alleged more than was necessary, as long as he proved the essential averments. Since he did this, and appellant rested without setting up any defense, appellee was entitled to a verdict.

Judgment affirmed.