## Kimble Federal Credit Union v. Schoenagle's Automotive Center

*Jerome E. Bogutz*, for plaintiff.
*Philip M. Brandt*, for defendant.

BARBIERI, J., July 23, 1969.—This case involves a writ of replevin issued by a New Jersey plaintiff, seeking to take possession of a certain motor vehicle over which defendant asserts a repairman's lien for work done on the vehicle.

The action was started by praecipe for a writ of replevin with bond pursuant to Pennsylvania Rule of Civil Procedure 1073(a). Defendant's petition asks that the replevin and bond be dismissed with prejudice. In arguing for dismissal, defendant relies upon its lien for unpaid repairs and contends that, since its

high priority lien gives it a right to possession undeniably good against an owner with clear title, such a lien could not possibly provide a lesser right of possession against this plaintiff who has not, anywhere in the record, even asserted any right to possession, either as owner or otherwise. It is true that plaintiff herein has presented a naked application for possession in the form of a writ with bond, entirely unsupported by any averment of a basis for the writ. It may well be that plaintiff has a proper right to dispossess defendant. It may be true also, as plaintiff contends, that defendant's repair lien can be superseded by an unsupported replevin writ so long as a bond is posted as security for the replevied vehicle. In any event, defendant takes issue with this position of plaintiff, pointing to the fact that, if accepted, the result would be, as this case demonstrates, that a substantive right of possession, or even the right of ownership, could be legally disregarded without any demonstrated legal right, simply by substituting bond security for the property. Apparently, the same result would follow if the property was unique, or otherwise had intrinsic value that could not be compensated by payment secured by the bond on the basis of market value. The answer as to an owner may be provided in Pa. R. C. P. 1076, whereunder a counterbond may be filed in order to retain possession, but this counterbond provision specifically excludes "a party claiming only a lien thereon. . . ." So that defendant, only a lien holder, although a very high priority one, points out that he is helpless to retain possession. He also argues that possession does have inherent value, other than market value, insofar as his rights as an unpaid repairman are concerned, since by virtue of his lienholder's possession he retains control of evidence that is not only the "best evidence," but is irreplaceable proof of the extent and nature of the work

he has performed. The property itself is a high grade exhibit and, to this extent at least, it has unique value in the possession of the repairman.

We are convinced that the simple requirements of due process require some minimum disclosure upon the record of the right or basis on which plaintiff in a replevin action supports his claim to possess the item which is the subject of the writ, particularly when plaintiff's right to the remedy is challenged as it is in this case, and where also, it is evident that possession may have more value to defendant than a substituted right to litigate his claim, with security for payment of a final judgment. Litigation is expensive and vexatious. No one would deny that a repairman has lost and not gained when a bond is substituted for his right to hold the repaired item until his charges have been paid. This is not to say that one with a clear right to possess the article should not have the remedy of replevin. The claimant, however, should at least show a legally sound basis for his claim to dispossess the lienholder.

Our Supreme Court, in International Electronics Company v. N. S. T. Metal Products Company, Inc., 370 Pa. 213 (1952), states:

"In order to sustain replevin, it is incumbent on the plaintiff to show not only that he has title, but that he has also the right of immediate possession: Heilman v. McKinstry, 18 Pa. Superior Ct. 70. This principle was recognized in Blossom Products Corporation v. National Underwear Company, 325 Pa. 383, 191 A. 40, cited by plaintiff, where it is said that the issue in replevin is confined to the question of title and the exclusive right of possession."

It is the conclusion of this court that the answer to the problem in this case is provided by the provision of Pa. R. C. P. 1071 that: ". . . the action of replevin from the commencement to the entry of judg-

ment shall be in accordance with the rules relating to the action of assumpsit." Under this rule, it is evident that the one who objects rightfully to the loss of possession, such as the repairman in this case, may require that a complaint stating a cause of action be filed, and we so hold.

## ORDER

And now, July 23, 1969, the proceedings on the writ of replevin are stayed, with leave to plaintiff to plead, or otherwise establish of record the basis for its claim to possession by replevin as against the lien and claim of possession of defendant.