J-A17012-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| BRIAN BRANGAN, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JOHN FEHER, | |
| Appellant | |
| v. | No. 2332 EDA 2014 |
| ANGELA KAY AND DALE JOSEPH BERCIER | |

Appeal from the Judgment Entered December 19, 2014
in the Court of Common Pleas of Bucks County
Civil Division at No.: Consolidated with No. 2011-01377
No. 2011-00678

| | |
|---|---|
| BRIAN BRANGAN, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| JOHN FEHER AND ANGELA KAY AND DALE JOSEPH BERCIER | |
| Appellee | No. 279 EDA 2015 |

Appeal from the Judgment Entered December 19, 2014
in the Court of Common Pleas of Bucks County
Civil Division at No.: Consolidated with No. 2011-01377
No. 2011-00678

J-A17012-16

BEFORE: GANTMAN, P.J., LAZARUS, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                    **FILED SEPTEMBER 01, 2016**

In this consolidated appeal, Appellant, Brian Brangan (Brangan), and Cross-Appellant, John Feher (Feher), both appeal from the judgment entered December 19, 2014, following a non-jury trial over their two replevin actions. The trial court's December 19, 2014 verdict was entered in favor of Brangan and against Feher awarding possession of a 1976 Utility Trailer (Trailer) to Brangan; in favor of Appellees, Angela Kay Bercier and Dale Joseph Bercier, (Berciers), and against Brangan for the cost of the trailer ($27,000.00) plus interest; and in favor of the Berciers and against Brangan and Feher for attorney's fees. We vacate the judgment entered and remand to the trial court.

We take the factual and procedural history from the trial court's September 10, 2015 opinion and our independent review of the certified record. On April 19, 2000, Brangan purchased the Trailer through his company, BTX Utility Services, Inc. He received its title from the seller; however, he never made any efforts to have it retitled into the name of BTX Utility Services. Brangan stored the Trailer on property leased from U.S. Steel Corporation. (*See* Trial Court Opinion, 9/10/15, at 2).

In 2008, Brangan's father arranged with Feher for Brangan to store the Trailer on Feher's property. When Brangan delivered the Trailer, there

_____

[*] Retired Senior Judge assigned to the Superior Court.

- 2 -

was no discussion of storage fees. Feher was not in the business of storage, and the Trailer was neither winterized nor sheltered while on the property. Feher never invoiced Brangan for storage fees. (*See id.* at 3).

In 2010, Brangan listed the Trailer for sale on eBay and sold it to the Berciers, together with some additional equipment, for $27,000.00. (*See id.*). The Berciers wired Brangan money for the sale, and he sent them the title. The Berciers transferred the title and registered the Trailer in their names. (*See id.* at 4).

When Brangan told Feher that he had sold the Trailer and attempted to pick it up to deliver it to the Berciers, Feher presented him with a landscaping bill for $20,000.00. The bill was made out to Brangan's father, who had died in March 2009. Because he claimed Brangan owed him storage fees, Feher refused to allow Brangan to pick up the Trailer unless he paid the landscaping bill. (*See id.* at 4-5).

On January 19, 2011, Brangan emailed Dale Bercier. (*See id.* at 5). He explained the situation to him, and offered to refund 100% of the money if the Trailer was not on its way soon. (*See id.*). However, he explained "If it has to go to court we will have to undo the sale." (N.T. Trial, 8/23/13, at 31). On January 21, 2011, the Berciers contacted Brangan's attorney and explained that they could no longer wait on the equipment. They asked for the return of the money paid because they had to purchase different equipment to fulfill jobs they had contracted. Brangan failed to refund the

Berciers money because he had spent "a goodly chunk of it" by January 21, 2011. (N.T. Trial, 8/23/13, at 31; *see* Trial Ct. Op., at 5).

On January 24, 2011, Brangan filed a complaint in replevin against Feher, together with a motion for issuance of a writ of seizure. (*See* Trial Ct. Op., at 5). On February 7, 2011, at Brangan's request, Bradley Stewart, who is in the business of repossessing equipment, took possession of the Trailer.

On February 15, 2011, Feher filed a complaint in replevin against Brangan and Stewart, together with a motion for a writ of seizure. (*See id.* at 6). On February 23, 2011, the trial court granted Feher's motion for writ of seizure and authorized Feher to take possession of the Trailer pending final disposition of the replevin action. It did not impose a replevin bond.

On May 3, 2011, the Berciers were joined as additional defendants in Feher's replevin action. (*See* Trial Ct. Op., at 6). On November 23, 2011, the two replevin actions were consolidated. (*See* Order, 11/23/11). On July 19, 2013, the Berciers filed an answer to Feher's complaint and crossclaims against Feher alleging tortious interference and against Brangan alleging breach of warranty and fraud. (*See* Trial Ct. Op., at 7).

On August 22, 2013, the case proceeded to a three-day non-jury trial. The trial court took the matter under advisement on August 27, 2013. On October 7, 2013, the court entered a verdict. The verdict was entered in favor of Brangan and against Feher with respect to possession of the Trailer; in favor of the Berciers and against Brangan in the amount of $31,320.00;

and in favor of the Berciers and against Brangan and Feher for attorneys' fees in the amount of $15,581.33. (*See id.* at 7-8). The remaining claims were all denied.

Feher and Brangan both filed motions for post-trial relief, which the trial court denied on July 1, 2014 and July 11, 2014, respectively. Feher filed his notice of appeal on August 7, 2014.[1] The prothonotary entered judgment on December 19, 2014. Brangan filed his notice of appeal on January 14, 2015.

On February 5, 2015, pursuant to the trial court's order, Brangan filed his timely statement of errors complained of on appeal. *See* Pa.R.A.P. 1925(b). On April 23, 2015, pursuant to the trial court's order, Feher filed his statement of errors complained of on appeal. *See id.* The court entered its opinion September 10, 2015. *See* Pa.R.A.P. 1925(a).

Brangan raises eleven issues on appeal.

1. Did the trial court commit legal error by granting [Feher] a writ of seizure without requiring Feher to post a replevin bond?

2. Were the trial court's February 23, 2011 and June 28, 2011 [o]rders directing seizure of the [] Trailer supported by

_____

[1] Feher purports to appeal from the July 1, 2014 order denying his post-trial motion. "An appeal from the denial of post-trial motions is interlocutory and not a final appealable order." *Sagamore Estates Prop. Owners Ass'n v. Sklar*, 81 A.3d 981, 983 n.3 (Pa. Super. 2013) (citation omitted). However, the prothonotary entered judgment on December 19, 2014. "The entry of judgment sufficiently perfects our jurisdiction, and we may proceed to consider the appeal on its merits." *Id.*

competent evidence that Feher had a probable right to title or possession of the chattel?

3. Did the trial court commit legal error by considering the crossclaims of [the Berciers], against [Brangan] for breach of warranty and fraud?

4. Did the trial court commit legal error by adjudicating rescission of the sale/purchase contract between Brangan and [the] Bercier[s]?

5. Did the trial court commit legal error by awarding possession of the [] Trailer to Brangan despite the undisputed evidence the [T]railer was titled to, and owned by[] the Berciers?

6. Did the trial court abuse its discretion by failing or refusing to act upon Brangan's [m]otion for a [r]eplevin [b]ond and to [s]ever [s]pecial [d]amage [c]laims?

7. Did the trial court commit legal error by failing to determine the money value of the [] Trailer or the amount of special damages sustained by the parties out of possession, here Brangan and [the] Bercier[s]?

8. Did the trial court commit legal error by assessing counsel fees and damages against Brangan who prevailed in his defense of title to the [] Trailer against the adverse claims to title asserted by Feher?

9. Did the trial court abuse its discretion by refusing to consider Brangan's request for punitive damages?

10. Did the trial court abuse its discretion and commit legal error by failing or refusing to act upon [Brangan's] [m]otion for [r]econsideration, [c]larification and to [p]reserve [s]tatus [q]uo [p]ending [a]ppeal?

11. Did the trial court abuse its discretion by questioning Brangan about inadmissible settlement discussions with [the] Bercier[s] and, thereafter, refusing to allow re-direct examination to rehabilitate Brangan's credibility and character before the court?

(Brangan's Brief, at 7-8).[2, 3]

Feher raises four issues on appeal.

1. [Whether] [F]eher [is] entitled under Pennsylvania common law to a possessory lien against property stored by him— whether as a result of an express contract or a *quantum meruit* claim?

2. [Whether] Feher is entitled to a possessive security interest in the subject [T]railer and equipment pursuant to 13 Pa.C.S.[A.] §§ 9310(b)(6)[,] 9313(a)[?]

3. [Whether t]he [trial] court [] properly appl[ied] the Pennsylvania "law of the case" doctrine generally, and the law of coordinate jurisdiction particularly, to earlier proceedings and decisions of record in arriving at its verdict[?]

4. [Whether t]he [trial] court [] properly appl[ied] Pennsylvania law in assessing payment of opponents' attorney fees against [] Feher[?]

(Feher's Brief, at 1).

---

[2] "[T]he effectiveness of appellate advocacy may suffer when counsel raises numerous issues, to the point where a presumption arises that there is no merit to any of them." *J.J. DeLuca Co., Inc. v. Toll Naval Associates*, 56 A.3d 402, 410 (Pa. Super. 2012) (citations omitted).

[3] We note with disapproval Brangan's failure to conform his brief to the requirements of our Rules of Appellate Procedure. *See* Pa.R.A.P. 2119(a) ("The argument shall be divided into as many parts as there are questions to be argued; and shall have at the head of each part--in distinctive type or in type distinctively displayed--the particular point treated therein, followed by such discussion and citation of authorities as are deemed pertinent."). Brangan's statement of questions involved contains eleven issues. However, the argument section in his brief contains only seven designated sections, none of which directly corresponds to any issue. (*See* Appellant's Brief, at 24-40). Rather, if discussed at all, Brangan's claims are developed throughout the sections. (*See generally*, *id.*). However, to the extent we are able to ascertain the issues presented, we will address Brangan's claims. *See Forrester v. Hanson*, 901 A.2d 548, 551 (Pa. Super. 2006).

Preliminary, we note "[t]he Rules of Appellate Procedure state unequivocally that each question an appellant raises is to be supported by discussion and analysis of pertinent authority. Failure to do so constitutes waiver of the claim." *Giant Food Stores, LLC v. THF Silver Spring Dev., L.P.*, 959 A.2d 438, 444 (Pa. Super. 2008), *appeal denied*, 972 A.2d 522 (Pa. 2009) (citations and internal quotation marks omitted); *see also Lackner v. Glosser*, 892 A.2d 21, 29–30 (Pa. Super. 2006) (holding failure to offer analysis or case citation in support of relief results in waiver).

"When deficiencies in a brief hinder our ability to conduct meaningful appellate review, we may dismiss the appeal entirely or find certain issues to be waived." *Krauss v. Trane U.S. Inc.*, 104 A.3d 556, 584 (Pa. Super. 2014) (citing Pa.R.A.P. 2101; case citation omitted). "This Court will not consider the merits of an argument which fails to cite relevant case or statutory authority." *In re Estate of Whitley*, 50 A.3d 203, 209 (Pa. Super. 2012), *appeal denied*, 69 A.3d 603 (Pa. 2013) (citation omitted).

Here, Brangan fails to develop an argument complete with citation to relevant case or statutory authority on issues six, eight, nine, ten and eleven. (*See* Brangan's Brief, at 24-40). Brangan's brief contains no argument in support of issues eight and ten, thus he has waived those claims. *See* Pa.R.A.P. 2119(a); *Giant Food Stores, LLC*, *supra* at 444; *Lackner*, *supra* at 29–30. He fails to support his claims in issues six (regarding the trial court's failure to act upon his motion for a replevin bond), nine (concerning the court's refusal to consider his request for

punitive damages), and eleven (concerning the trial court's questioning him about settlement discussions) with citation to relevant case or statutory authority. (*See* Brangan's Brief, at 29, 34, 37-40). Accordingly, because the deficiencies in Brangan's brief have hindered our ability to conduct meaningful appellate review, issues six, nine, and eleven are also waived. *See Krauss*, *supra* at 584 ("This Court will not act as counsel and will not develop arguments on behalf of an appellant.") (citation omitted); *Estate of Whitley*, *supra* at 209.

Furthermore, we note that Feher's brief does not develop an argument complete with citation to relevant authority concerning his claim to a possessive security interest. (*See* Feher's Brief, at 27-28). Thus, Feher's second issue is waived. *See* Pa.R.A.P. 2119(a); *Giant Food Stores, LLC*, *supra* at 444; *Lackner*, *supra* at 29–30.

In Brangan's first and second issues he argues that the court erred in granting Feher a writ of seizure without posting a replevin bond and that its decision granting the writ of seizure was not supported by the evidence. (*See* Brangan's Brief, at 24-28, 30-31). Brangan's claims are moot.

"An issue before a court is moot if in ruling upon the issue the court cannot enter an order that has any legal force or effect." *Johnson v. Martofel*, 797 A.2d 943, 946 (Pa. Super. 2002), *appeal denied*, 813 A.2d 842 (Pa. 2002). A writ of seizure is issued after a hearing, when a plaintiff proves his probable right to possession of the property. *See* Pa.R.C.P. 1075.1(e). It does not concern or decide the final merits of the case.

Here, the trial court's issuance of a writ of seizure is no longer relevant where it has entered judgment on the final merits of the replevin action. Accordingly, Brangan's first two issues which challenge issuance of the writ of seizure are moot. *See Johnson*, *supra* at 946.

In his third and fourth issues, Brangan claims that the trial court erred by considering the crossclaims of the Berciers and by rescinding the sales contract between himself and the Berciers. (*See* Brangan's Brief, at 28-29). Specifically, he argues that because this is a replevin action, the issue must be limited to title and right of possession. (*See id.* at 28). We are constrained to agree.

Brangan's issue concerns the trial court's conclusion of law, for which our standard of review is well-settled. "In a non-jury case such as this, our review is limited to a determination of whether the findings of the trial court are supported by competent evidence and whether the trial court committed error in the application of law." *Showalter v. Pantaleo*, 9 A.3d 233, 235 (Pa. Super. 2010), *appeal denied*, 20 A.3d 489 (Pa. 2011) (citation omitted). "Conclusions of law, . . . are not binding on an appellate court, whose duty it is to determine whether there was a proper application of law to fact by the [trial] court. With regard to such matters, our scope of review is plenary as it is with any review of questions of law." *Id.*

Our case law is clear that "[t]he focus in a replevin action[] is strictly limited to title and right of possession; all matters foreign to those limited issues are expressly excluded from consideration and are not available as

- 10 -

defenses or counterclaims." ***Ford Motor Credit Co. v. Caiazzo***, 564 A.2d 931, 933 (Pa. Super. 1989) (citing ***Blossom Products Corp. v. Natl. Underwear Co.***, 191 A. 40, 42 (Pa. 1937)). In ***Ford Motor Credit Co.***, this Court affirmed the trial court's dismissal of related warranty defenses and counterclaims reasoning "[a] warranty claim cannot be asserted as a defense in a replevin action. Any such claims which the purchaser may have against the seller must instead be asserted in an independent proceeding." ***Id.*** at 934 (citations omitted) (emphasis added).

Here, the trial court considered the Berciers' counterclaims together with the within replevin actions, and, in its verdict, awarded damages and attorneys' fees for those claims. (***See*** Order, 12/19/14). Accordingly, because the focus of a replevin action is limited to title and right of possession, and because all related counterclaims must be asserted in an independent proceeding, we are constrained to conclude that the trial court erred in considering and ruling on the Berciers' counterclaims. ***See Showalter***, ***supra*** at 235; ***Ford Motor Credit Co.***, ***supra*** at 933-34. Therefore, we vacate those portions of the trial court's verdict that award damages and attorneys' fees to the Berciers.

In Brangan's fifth issue, he claims that the trial court erred in awarding him possession of the Trailer.[4]  (**See** Appellant's Brief, at 17, 20, 31-34). We disagree.

> To be successful in a replevin action, the plaintiff must show not only title, but also the exclusive right of immediate possession of the property in question.  Exclusive right of possession means only a right which excludes the defendant. Thus, a plaintiff in a replevin action must show good title and right to possession as against the defendant, but is not required to set up such a title or right as against the whole world.

***Ford Motor Credit Co.***, ***supra*** at 933 (citations and quotation marks omitted).

Here, the evidence clearly demonstrated that Brangan had exclusive right of immediate possession of the Trailer with respect to Feher.  (**See** Trial Ct. Op., at 14).  Brangan testified at trial that he received title to the Trailer when he originally purchased it through his company BTX Utility Services, Inc.[5]  (**See** N.T. Trial, 8/22/13, at 49).  Furthermore, Brangan concedes that "Feher never claimed he owned the [] Trailer[,]" and he does

---

[4] Although Brangan's standing to challenge a verdict entered in his favor is questionable, we have nonetheless considered his claim to clarify the issue of possession with respect to the replevin actions.  **See In re Estate of Pendergrass**, 26 A.3d 1151, 1154 (Pa. Super. 2011) ("A prevailing party is not aggrieved and therefore, does not have standing to appeal an order that has been entered in his or her favor.") (citations omitted).

[5] Brangan admits that he never sought to transfer the title into his name. (**See** Trial Ct. Op., at 2).

not present any argument that Feher had title to the Trailer. (Brangan's Brief, at 17).

Accordingly, we conclude that the trial court did not err or abuse its discretion when it awarded possession of the Trailer to Brangan rather than Feher, where Brangan had title to the Trailer and Feher never established any right to possess the Trailer. **See Ford Motor Credit Co.**, **supra** at 933. Brangan's fifth issue does not merit relief.

In his seventh issue, Brangan claims that the trial court erred by failing to determine the monetary value of the Trailer or the amount of special damages sustained when it issued its verdict. (**See** Brangan's Brief, at 20, 29). We are constrained to agree.

Our standard of review of the trial court's conclusion of law is *de novo* and our scope of review is plenary. **See Showalter**, **supra** at 235.

Pennsylvania Rule of Civil Procedure 1085 concerns judgments entered after trial in actions in replevin. **See** Pa.R.C.P. 1085. It provides:

(a) If judgment is entered after trial for the party in possession of the property, the judgment shall determine

(1) the party's right to retain possession of the property, and

(2) the amount of any special damages sustained.

(b) If judgment is entered after trial for a party not in possession of the property, the judgment shall determine

(1) the party's right to recover possession of the property,

(2) the money value of the property, and

(3) the amount of any special damages sustained.

- 13 -

Pa.R.C.P. 1085(a)-(b).

Here, the trial court entered judgment after trial in favor of Brangan, who was not in possession of the Trailer. (**See** Order, 12/19/14; Trial Ct. Op., at 1). Therefore, pursuant to Rule 1085(b), the judgment was required to determine the money value of the Trailer and the amount of any special damages sustained. **See** Pa.R.C.P. 1085(b). Accordingly, we are constrained to conclude that the trial court erred in entering judgment without determining money value or special damages. Thus, we vacate the judgment entered and remand to the trial court to enter judgment in compliance with Rule 1085(b).

In Feher's first issue, he claims that the trial court erred in failing to recognize that he is entitled to a possessory lien against the Trailer. (**See** Feher's Brief, at 19-22). Specifically, he argues that he agreed to store the Trailer for Brangan's father with a good-faith belief that he would be paid storage fees for doing so. (**See id.** at 21). Therefore, he contends, he has a possessory lien and is entitled to retain the Trailer until he is paid for storing it. (**See id.** at 20). We disagree.

> It is the well-settled rule in this Commonwealth that possessory liens are consensual in nature and must arise from an agreement, either express or implied, between the owner of goods and the bailee who provides some service with regard to the goods. The consensual nature of the transaction which gives rise to a possessory lien is an indispensable element of the common law possessory lien as recognized in this Commonwealth. . . . A garagekeeper's possessory lien is no different. His common law lien will arise where he has repaired, stored, or otherwise provided service to an automobile at the

request of the owner. . . . However, the lien will not attach as against one who has not authorized, expressly or impliedly, the repairs or services rendered.

*State Farm Mut. Auto. Ins. Co. v. Jim Bowe & Sons, Inc.*, 539 A.2d 391, 394 (Pa. Super. 1988) (citations and quotation marks omitted). "Possessory liens are fundamentally consensual in nature, arising from an agreement, either express or implied **between the owner of goods** and the artisan who renders services for those goods." *Associates Fin. Services Co., Inc. v. O'Dell*, 417 A.2d 604, 606 (Pa. 1980) (citation omitted; emphasis added).

Here, Feher concedes that the agreement for storage of the Trailer was between him and Brangan's father. He agrees that he did not have any type of agreement, either express or implied, with Brangan. (*See* Trial Ct. Op., at 14). Thus, Feher is not entitled to a possessory lien on Brangan's Trailer, where his storage agreement was with Brangan's father, who did not possess the Trailer, rather than Brangan, who did. *See Associates Fin. Services Co., Inc.*, *supra* at 606. Feher's first issue does not merit relief.

In his third issue, Feher claims that the trial court erred because it did not properly apply the law of the case doctrine and the law of coordinate jurisdiction in rendering its verdict. (*See* Feher's Brief, at 28-31).

However, we note that Feher's Rule 1925(b) statement of errors complained of on appeal does not explain which prior decisions he claimed that the trial court failed to consider. (*See* Trial Ct. Op., at 15; Concise Statement of the [Errors] Complained of on Appeal, 4/23/15, at unnumbered

page 2). "[W]hen issues are too vague for the trial court to identify and address, that is the functional equivalent of no concise statement at all." ***Commonwealth v. Smith***, 955 A.2d 391, 393 (Pa. Super. 2008). Issues which are so vague as to constitute no concise statement at all are waived. ***See id.*** Therefore, this issue is waived.

Moreover, it would not merit relief. In his brief, Feher argues that following the hearing on his writ of seizure, the trial court found that he had the right to possess the Trailer. (***See*** Feher's Brief, at 28-29). He claims that the court ignored this earlier decision when it entered its verdict and granted Brangan replevin. (***See id.*** at 30). We disagree.

As discussed above, the standard that the trial court applies when determining whether to issue a writ of seizure is whether a plaintiff proves his probable right to possession of the property. ***See*** Pa.R.C.P. 1075.1(e). Conversely, when deciding the final merits of the case, the trial court decides whether the plaintiff has demonstrated "good title and right to possession as against the defendant[.]" ***Ford Motor Credit Co.***, ***supra*** at 933 (citations and quotation marks omitted).

The coordinate jurisdiction rule provides "that judges of coordinate jurisdiction sitting in the same case should not overrule each others' decisions." ***Commonwealth v. Starr***, 664 A.2d 1326, 1331 (Pa. 1995) (citation omitted). The law of the case doctrine provides "that a court involved in the later phases of a litigated matter should not reopen questions

decided by another judge of that same court or by a higher court in the earlier phases of the matter." *See id.* (citation omitted).

Upon review, we conclude that when the trial court issued its verdict, it did not overrule the decision of a judge of coordinate jurisdiction or reopen questions decided by another judge in contravention of the law of the case doctrine. *See id.* The prior ruling on the writ of seizure decided that Feher established a probable right to possession of the property at that time, not that he had good title and right to possession as against Brangan. *See Ford Motor Credit Co.*, *supra* at 933. Accordingly, Feher's third issue would not merit relief.

In his fourth and final issue, Feher claims that the trial court erred by imposing attorneys' fees against Feher because his actions were not dilatory, obdurate, vexatious, arbitrary, or in bad faith. (*See* Feher's Brief, at 31-32). We do not decide this issue because, as discussed above, we are constrained to vacate the judgment entered to the extent it concerns the Berciers' crossclaims and the related award of attorneys' fees. (*See infra*, at 11).

We affirm the trial court's decision that Brangan is entitled to immediate possession of the Trailer. However, we vacate the judgment entered and remand to the trial court for disposition in accordance with this memorandum.

Judgment vacated and remanded to the trial court. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/1/2016