**SAGAMORE ESTATES PROPERTY OWNERS ASSOCIATION, Appellee**

v.

**Gary S. SKLAR and Mila M. Sklar, Husband and Wife, Appellants.**

Superior Court of Pennsylvania.

Argued Oct. 8, 2013.
Filed Dec. 5, 2013.

Michael P. Alford, Langhorne, for appellant.

John T. Stieh, Milford, for appellee.

BEFORE: BOWES, DONOHUE and OTT, JJ.

OPINION BY DONOHUE, J.:

Gary S. Sklar and Mila M. Sklar (collectively "the Sklars") appeal from the March 14, 2013 judgment entered in favor of Sagamore Estates Property Owners Association ("SEPOA")[1] in the amount of

---

1. SEPOA is a duly incorporated nonprofit entity under the laws of Pennsylvania. The Commonwealth Court has appellate jurisdiction over actions or proceedings relating to nonprofit corporations. *See* 42 Pa.C.S.A. § 762(a)(5). However, in response to this Court's Rule to Show Cause, neither party objected to our jurisdiction, and the case ultimately proceeded to oral argument before this Court. Furthermore, SEPOA is no stranger to this Court, as it has been a party in three other appeals before this Court: (*SEPOA v. Deabel, Inc., et al.*, 4252 Philadelphia 1997 (Pa.Super. June 1, 1998) (unpublished

$35,018.79 plus costs. For the following reasons, we affirm.

This appeal arises from the imposition of fines and attorney's fees following the resolution of a dispute between SEPOA and the Sklars regarding the placement of a dock in Big Twin Lake. As background, the Sklars bought a property in Sagamore Estates by deed dated September 20, 2003. Sagamore Estates is located in Shohola Township and is a residential community that includes roads, parking lots and beaches abutting Big Twin Lake.

On August 15, 2006, SEPOA filed a civil action against the Sklars. Therein, SEPOA alleged that the Sklars erected a dock in the waters of Big Twin Lake on May 27, 2006, which infringed upon SEPOA's property rights pursuant to its implied easement over the common facilities and amenities (a beach and a portion of land under Big Twin Lake) at Sagamore Estates. Complaint, 8/15/2006, at ¶¶ 5–6, 11–14, 17, 19. SEPOA sought the immediate removal of the dock and a permanent injunction prohibiting the Sklars from erecting another dock. Id. at ¶¶ 2–3. SEPOA also requested that the Sklars be required to pay fines and attorney's fees. Id. at ¶ 21.

On September 18, 2008, the trial court granted the injunctive relief requested by SEPOA, and this Court affirmed the trial

court's order on December 7, 2009.[2] SEPOA v. Gary S. Sklar and Mila M. Sklar, 297 EDA 2008 (Pa.Super.Dec.7, 2009) (unpublished memorandum). In our decision, we relied upon the June 1, 1998 ruling of this Court in which we determined that the members of SEPOA held an implied easement granting them access to the beaches and waters of Big Twin Lake. Id. at 7 (citing SEPOA v. Deabel, Inc., et al., 4252 Philadelphia 1997, 5 (Pa.Super. June 1, 1998) (unpublished memorandum)). As a result, we concluded that the Sklars' "dock impairs the access of SEPOA to the waters of Big Twin Lake and is, therefore, prohibited by the implied easement of SEPOA." Id. at 8.

■ Following our resolution of the Sklars' appeal, SEPOA filed a motion in the trial court seeking a hearing on its request for fines and attorney's fees. On November 20, 2012, the trial court ordered the Sklars to pay fines in the amount of $15,675.00 and attorney's fees in the amount of $19,343.79. The Sklars filed timely post-trial motions, which the trial court denied on March 7, 2013. The Sklars filed a notice of appeal on March 12, 2013. On March 14, 2013, the Sklars filed a praecipe to enter judgment, which the prothonotary entered.[3]

---

memorandum); SEPOA v. Deabel, Inc., et al., 3022 EDA 2000 (Pa.Super. June 13, 2001) (unpublished memorandum)); and a more recent appeal directly related to this case, SEPOA v. Gary S. Sklar and Mila M. Sklar, 2987 EDA 2008 (Pa.Super. December 7, 2009) (unpublished memorandum). Therefore, in the interest of judicial economy, we proceed to our review of the Sklars' appeal. See Zikria v. Western Pennsylvania Hosp., 447 Pa.Super. 80, 668 A.2d 173, 173–74 (1995) (exercising jurisdiction over the appeal involving a nonprofit corporation in the interest of judicial economy because neither party objected to this Court's jurisdiction).

2. The trial court's September 18, 2008 order granting injunctive relief to SEPOA did not address the issue of fines or attorney's fees. This Court, however, had jurisdiction to review the Sklars' prior appeal because it was an interlocutory appeal as of right from an order granting an injunction. See Pa.R.A.P. 311(a)(4).

3. We point out that the Sklars improperly purport to appeal from the March 7, 2012 order denying their post-trial motion. An appeal from the denial of post-trial motions is interlocutory and not a final appealable order. Vance v. 46 and 2, Inc., 920 A.2d 202, 205 n. 2 (Pa.Super.2007), appeal denied, 605 Pa. 688, 989 A.2d 918 (2010). The Sklars, however,

Thereafter, the Sklars filed a court-ordered concise statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b). The trial court filed its Pa.R.A.P. 1925(a) opinion on May 9, 2013.

On appeal, the Sklars present the following issue for our review: "Did the [t]rial [c]ourt err by awarding $35,018.79 to [SEPOA] for violations of a home owner's association rule that was not in existence at the time of the alleged violation?" Appellants' Brief at 5.

■ To resolve the question on appeal, this Court must engage in statutory interpretation and interpretation of SEPOA's bylaws. The interpretation of a statute is a question of law over which our standard of review is *de novo* and our scope of review is plenary. *J.C.B. v. Pennsylvania State Police*, 35 A.3d 792, 794 (Pa.Super.2012), *appeal denied*, 616 Pa. 653, 49 A.3d 444 (2012), *cert. denied*, —— U.S. ——, 133 S.Ct. 1808, 185 L.Ed.2d 827 (2013). Furthermore, "[i]t is well settled that 'when interpreting a statute, the court must give plain meaning to the words of the statute. It is not a court's place to imbue the statute with a meaning other than that dictated by the plain and unambiguous language of the statute.'" *Id.* at 796 (quoting *In re R.D.R.*, 876 A.2d 1009, 1016 (Pa.Super.2005)). As with statutes and other written instruments, the bylaws of a nonprofit corporation are likewise subject to the same rules of interpretation. *Purcell v. Milton Hershey School Alumni Ass'n*, 884 A.2d 372, 379 n. 10 (Pa. Commw.2005).[4] Thus, we construe bylaws

based on their plain meaning, and if the language is clear and unambiguous, it must be enforced. *Id.*

■ Instantly, the Sklars argue that SEPOA lacked the authority to impose a fine against them for placing the dock in the waters of Big Twin Lake. Appellants' Brief at 10. The Sklars contend that while SEPOA's bylaws clearly authorize the imposition of fines for violations of duly established rules, the bylaws do not authorize the imposition of fines for violations of rules that have not been duly established. *Id.* at 11. In support of this claim, the Sklars point to SEPOA's Rules and Regulations, which the Sklars assert are "the duly established rules from which the association may impose fines." *Id.* According to the Sklars, SEPOA did not prohibit the placement of docks by a duly established rule until September 1, 2007, and the Sklars had already removed their dock by that time. *Id.* at 10–12. Thus, the Sklars conclude that SEPOA had no authority to impose fines for a violation that occurred prior to the existence of a duly enacted rule. *Id.* at 12. Finally, the Sklars baldly assert that because the fines were improperly imposed, the trial court's award of attorney's fees was also improper. *Id.* We disagree.

Section 5302 of the Uniform Planned Community Act ("UPCA"), 68 Pa.C.S.A. § 5101 *et seq.*, provides that an association may "[i]mpose charges for late payment of assessments and, after notice and an opportunity to be heard, levy reasonable

---

filed a *praecipe* to enter judgment on March 14, 2013, and the prothonotary entered judgment. The entry of judgment sufficiently perfects our jurisdiction, and we may proceed to consider the appeal on its merits. *See, e.g., Prime Medica Associates v. Valley Forge Ins. Co.*, 970 A.2d 1149, 1154 n.6 (Pa.Super.2009), *appeal denied*, 605 Pa. 688, 989 A.2d 918 (2010); Pa.R.A.P. 905(5). We have corrected

the caption to reflect that the Sklars' appeal lies from the March 14, 2013 judgment.

4. We note that decisions of the Commonwealth Court do not bind this Court (*Towey v. Lebow*, 980 A.2d 142, 144 n. 3 (Pa.Super.2009)); however, we find the statement of law in *Purcell* to be applicable to the case before us.

fines for *violations of the declaration, bylaws and rules and regulations* of the association." 68 Pa.C.S.A. § 5302(a)(11) (emphasis added). Thus, Section 5302 of the UPCA provides SEPOA with the authority to impose fines for violations of its bylaws as well as its rules and regulations.

Similarly, Article 8, Section 1 of SEPOA's bylaws addresses the powers of the board of directors ("the Board") and provides that "[t]he Board has the full power and responsibility for carrying out the purposes of this corporation in accordance with its Articles of Incorporation, Bylaws and established Rules and Regulations." SEPOA Bylaws, 10/22/1994, Art. 8, § 1. One of the specific powers granted to the Board is "[t]o determine whether the conduct of any SEPOA member *violates the duly established rules* of the corporation *or these bylaws* and to fix the penalty for the violations *which may include* exclusion from SEPOA facilities, *monetary fines* and termination of SEPOA membership." *Id.* at Art. 8, § 1(g) (emphasis added). Based upon the language of Article 8, Section 1(g), the Sklars correctly state that SEPOA may impose fines for violations of duly established rules; however, the Sklars completely ignore that the clear and unambiguous language of Article 8, Section 1(g) also authorizes SEPOA to impose fines for violations of its bylaws.

In this regard, Article 1, Section 3(d) of SEPOA's bylaws states that one of SEPOA's purposes and objectives is "[t]o in-sure that all amenities, including access to Twin Lakes and other current recreational facilities[,] remain open and available to the Sagamore Estates community." *Id.* at Art. 1, § 3(d). In the Sklars' prior appeal, this Court specifically found that the Sklars' "dock impairs the access of SEPOA to the waters of Big Twin Lake[.]" *SEPOA*, 297 EDA 2008, 8. It is therefore evident that the Sklars violated a bylaw because the placement of the dock in the water violated SEPOA's purpose and objective to insure access to the waters of Big Twin Lake as set forth in Article 1, Section 3(d) of its bylaws. We therefore find no error in the trial court's order imposing fines related to the Sklars' dock.

 With respect to the attorney's fees imposed pursuant to 68 Pa.C.S.A. § 5315[5] of the UPCA, the Sklars' argument is based wholly upon their assertion that the fines were improperly imposed. Appellants' Brief at 12 (contending that because the fines were improperly imposed, the award of attorney's fees was improper). As discussed in detail above, however, we find no error in the imposition of fines against the Sklars. Accordingly, the argument raised by the Sklars' regarding the imposition of attorney's fees warrants no relief.

Judgment affirmed.

5. Section 5315 regarding lien for assessments states, in relevant part, as follows:

(a) **General rule.**—The association has a lien on a unit for any assessment levied against that unit or fines imposed against its unit owner from the time the assessment or fine becomes due. [ ... ] Unless the declaration otherwise provides, fees, charges, late charges, fines and interest charged under section 5302(a)(10), (11) and (12) (relating to power of unit owners' association) (and reasonable costs and expenses of the association, including legal fees, incurred in connection with collection of any sums due to the association by the unit owner are enforceable as assessments under this section). [ ... ].

\* \* \*

(g) **Costs and attorney fees.**—A judgment or decree in any action or suit brought under this section shall include costs and reasonable attorney fees for the prevailing party.
68 Pa.C.S.A. § 5315(a), (g).