J-A32015-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| MARK P. MATTHEWS AND BRENDA MATTHEWS, HIS WIFE, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellees | |
| v. | |
| GEORGE TESLOVICH, JR., | |
| Appellant | No. 54 WDA 2015 |

Appeal from the Judgment Entered January 7, 2015
In the Court of Common Pleas of Fayette County
Civil Division at No(s): 2593 of 2011 GD

BEFORE:  SHOGAN, OTT, and STABILE, JJ.

MEMORANDUM BY SHOGAN, J.:                    **FILED MARCH 8, 2016**

Appellant, George Teslovich, Jr., appeals from the judgment entered January 7, 2015, on the December 3, 2014 order that granted, *inter alia*, an easement on Appellant's property for the installation of utilities in favor of Appellees, Mark P. Matthews and Brenda Matthews, husband and wife.[1] After careful review, we affirm.

---

[1] We point out that Appellant improperly purported to appeal from the December 17, 2014 order denying his post-trial motion. An appeal from the denial of a post-trial motion is interlocutory and not a final appealable order. ***Sagamore Estates Property Owners Association v. Sklar***, 81 A.3d 981, 983 n.3 (Pa. Super. 2013).  However, Appellant filed a *praecipe* to enter judgment in this matter, and the prothonotary entered judgment on January 7, 2015.  The entry of judgment on January 7, 2015, and the timely notice of appeal filed that same day are sufficient to perfect our jurisdiction such that we may consider the appeal on its merits.  ***Id***.

The trial court set forth the relevant background of this matter as follows:

[Appellees] are the owners of a 1.295 acre parcel of land in South Union Township, Fayette County, Pennsylvania, which they purchased by deed dated January 31, 2007, from Frank R. Rhodes and Editha Rhodes, hereinafter "Rhodes". This property was purchased by Rhodes from Edna I. Beal, hereinafter "Beal", by deed dated February 19, 1972. Beal acquired a large tract of land, consisting of more than 100 acres, from William C. McClernan and Florence W. McClernan, on January 29, 1955, and it was from this large tract that Beal conveyed 1.295 acres to Rhodes. After Beal acquired this large tract of land, she began to subdivide this property, and she made various conveyances during her lifetime, in addition to the conveyance to Rhodes. After her death, Beal's Administrator transferred the remainder of the large tract acquired by Beal to I.J. Realty, Inc. on December 1, 1973. I.J. Realty, Inc. conveyed the remainder of the large tract to [Appellant] on March 15, 1984.

The subdivided tracts conveyed by Beal include a reference or boundary as a "50 foot public road", which is now known as "Maple Hill Lane". The parties have stipulated that Maple Hill Lane has not been dedicated nor accepted by South Union Township as a public roadway. The deeds of conveyance made from Beal, including the deed to the [Appellees'] property, refer to the road leading from Duck Hollow Road as a "public road", and the survey attached to each deed depicts a 50 foot street or "public road".

After purchasing their lot from Rhodes, [Appellees] constructed a residence on their lot. [Appellees] have used Maple Hill Lane to gain access to and from their home, and at this time [Appellees] wish to install a water line along or under Maple Hill Lane in order to obtain public water from Pennsylvania American Water Company. Although [Appellees] have had access to well water for their lot, [Appellee] Brenda Matthews experiences an adverse physical reaction to the continued use of the well water, and it has been necessary for her to travel to a relative's home to use water for her daily needs. [Appellant] has prohibited [Appellees] from installing the water line necessary to access public water.

Trial Court Opinion, 12/3/14, at 1-3.

A nonjury trial was held on October 29, 2014, and on December 3, 2014, the trial court entered the following order:

> **AND NOW,** this 3rd day of December, 2014, after hearing, it is hereby **ORDERED and DIRECTED** that [Appellees], their heirs and assigns, shall have an easement over the private road known as "Maple Hill Lane", and [Appellaees'] use of the easement shall include the right to use Maple Hill Lane for ingress, egress and regress and for the installation of utilities, without limitation, from the public road to the property owned by [Appellees].
>
> [Appellees] shall be responsible to restore Maple Hill Lane to the same condition in which it existed prior to the installation of any water line and/or other utilities. [Appellant] is hereby **ENJOINED** from interfering with [Appellees'] installation of a water line along the edge of Maple Hill Lane to Duck Hollow Road, to provide public water service to [Appellees'] residence.

Order, 12/3/14, at 1-2.

Appellant field a post-trial motion that was denied on December 19, 2014. Judgment was entered on January 7, 2015, and Appellant filed a timely appeal. Both Appellant and the trial court have complied with Pa.R.A.P. 1925.

On appeal, Appellant raises the following issue:

> Does the fact that the lot owner has the right to use a private road as a means of ingress and egress to his lot carry with it the right to place a water line or other utility in that private road?

Appellant's Brief at 4.

Our standard of review is as follows:

> Our appellate role in cases arising from non-jury trial verdicts is to determine whether the findings of the trial court

- 3 -

are supported by competent evidence and whether the trial court committed error in any application of the law. The findings of fact of the trial judge must be given the same weight and effect on appeal as the verdict of a jury. We consider the evidence in a light most favorable to the verdict winner. We will reverse the trial court only if its findings of fact are not supported by competent evidence in the record or if its findings are premised on an error of law. However, where the issue ... concerns a question of law, our scope of review is plenary.

The trial court's conclusions of law on appeal originating from a non-jury trial are not binding on an appellate court because it is the appellate court's duty to determine if the trial court correctly applied the law to the facts of the case.

*Stephan v. Waldron Elec. Heating and Cooling*, *LLC*, 100 A.3d 660, 664-665 (Pa. Super. 2014) (citation omitted).

At the outset we note that "an easement may be created 1) expressly; 2) by prescription; 3) by necessity; or 4) by implication." *Phillippi v. Knotter*, 748 A.2d 757, 758 (Pa. Super. 2000) (citation omitted). In the instant case, it is undisputed that the trial court's order granted an easement by necessity. An easement by necessity contemplates a situation in which a parcel of land is landlocked. *Id*. at 760. "Landlocked" is defined as "surrounded by land, often with the suggestion that there is little or no way to get in or out without crossing the land of another." *Id*. (quoting Black's Law Dictionary 883 (7th edition 1999)). "It is a well-settled principle of law that, in the event property is conveyed and is so situated that access to it from the highway cannot be had except by passing over the remaining land of the grantor, then the grantee is entitled to a way of necessity over the lands of his grantor." *Phillippi*, 748 A.2d at 758 (citation omitted). The

three fundamental requirements for an easement by necessity are as follows:

> 1) The titles to the alleged dominant and servient properties must have been held by one person.
>
> 2) This unity of title must have been severed by a conveyance of one of the tracts.
>
> 3) The easement must be necessary in order for the owner of the dominant tenement to use his land, with the necessity existing both at the time of the severance of title and at the time of the exercise of the easement.

*Id*. (citation omitted). An easement by necessity is due to strict necessity, and it never exists as a mere matter of convenience. *Id*. (citations omitted).

In the case at bar, Appellant does not challenge the trial court's finding of an easement by necessity for ingress and egress; Appellant's sole challenge is to the trial court's finding of an easement by necessity for utilities. Appellant's Brief at 7. We note that there is a dearth of case law on the discrete issue of easements by necessity for utilities.

However, in *PARC Holdings, Inc. v. Killian*, 785 A.2d 106 (Pa. Super. 2001), this Court was faced with a similar scenario. In *PARC Holdings*, the issue was whether an express easement "**for ingress and egress to certain land now owned by Grantor**" included an easement for utilities. *Id*. at 109. While that case involved an express easement, we conclude that the decision is instructive. The *PARC Holdings* Court relied on *Dowgiel v. Reid*, 59 A.2d 115 (Pa. 1948), which held that "Pennsylvania

has adopted the rule that where a right of way is granted or reserved without limit of use, it may be used for any purpose to which the land accommodated thereby may naturally and reasonably be devoted." *PARC Holdings*, 785 A.2d at 114 (citing *Dowgiel*, 59 A.2d at 118).  This Court in *PARC Holdings* reasoned as follows:

> The deed reserving the easement in the present case provided in pertinent part as follows: "a non-exclusive fifty (50) foot wide right-of-way, with Grantee, their heirs and assigns, for ingress and egress to certain land now owned by Grantor." We find the wording of the reservation as to its purpose ambiguous, as it generally defines its purpose in terms of providing mere access to the dominant estate by extension of a public road. The language does not specify a limited purpose to the access, such as "for the purpose of maintaining a water system" or "for pedestrian and vehicular travel only." Since we are dealing with the reservation of an easement or right of way in general terms without a specific statement of purpose, case law clearly expresses that the focal point of inquiry is the intention of the parties who created the easement.

*Id*. at 112.  Thus, this Court concluded that the express easement was ambiguous, and the attendant circumstances weighed in favor of *PARC Holdings*' contention that the easement was reserved for future land development; the intent was that the easement was not simply for ingress and egress, but also included the right to install utilities.  *Id*. at 116.

Here, we recognize that we are not dealing with an express easement. However, because we are evaluating the import of the words "ingress and egress" over a road that was originally referred to as a "public road" in the deed of conveyance from Beal, the rationale from *PARC Holdings* persuades our decision that ingress and egress may include utilities.  In light

of the aforementioned standard of review, and in the absence of contrary binding authority,[2] we find no abuse of discretion or error of law by the trial court in granting Appellees an easement by necessity for utilities.

For the reasons set forth above, we conclude that Appellant is entitled to no relief. Accordingly, the judgment entered in favor of Appellees is affirmed.

Judgment affirmed.

Judge Ott joins the Memorandum.

Judge Stabile files a Dissenting Memorandum.

_____

[2] Other jurisdictions similarly include access to utilities within the meaning of ingress and egress pursuant to an easement by necessity. *See Regan v. Pomerleau*, 107 A.3d 327, 338 (Vt. 2014) (citing *Berge v. State*, 915 A.2d 189 (Vt. 2006)); *Brown v. Miller*, 95 P.3d 57 (Id. 2004); *Smith v. Heissinger*, 745 N.E.2d 666 (Ill. App. 2001); *Morrell v. Rice*, 622 A.2d 1156 (Me. 1993); *Huggins v. Wright*, 774 So.2d 408 (Miss. 2000); and 1 Restatement (Third) of Prop.: Servitudes § 2.15 comment d. (2000) (observing that "increasing dependence" on access to utilities for reasonable enjoyment of property supports recognition of easement by necessity).

We are cognizant, however, of contrary holdings as well. *See Albenberg v. Szalay*, 774 S.E.2d 730, 735 (Ga. App. 2015) (stating that an easement for ingress and egress does not include a utility easement, citing *Lanier v. Burnette*, 538 S.E.2d 476 (Ga. App. 2000)).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>3/8/2016</u>