J-A32015-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| MARK P. MATTHEWS AND BRENDA MATTHEWS, HIS WIFE | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellees | |
| v. | |
| GEORGE TESLOVICH, JR. | |
| Appellant | No. 54 WDA 2015 |

Appeal from the Judgment Entered January 7, 2015
In the Court of Common Pleas of Fayette County
Civil Division at No: 2593 of 2011 GD

BEFORE:  SHOGAN, OTT, and STABILE, JJ.

MEMORANDUM BY STABILE, J.:                    **FILED JUNE 28, 2016**

Appellant, George Teslovich, Jr., appeals from the judgment entered January 7, 2015, on the December 3, 2014 order that granted, *inter alia*, an easement on Appellant's property for the installation of utilities in favor of Appellees, Mark P. Matthews and Brenda Matthews, husband and wife.[1] After careful review, we reverse.

---

[1] We point out that Appellant improperly purported to appeal from the order entered December 19, 2014, denying his post-trial motion.  An appeal from the denial of a post-trial motion is interlocutory and not a final appealable order. ***Sagamore Estates Property Owners Association v. Sklar***, 81 A.3d 981, 983 n.3 (Pa. Super. 2013).  However, Appellant filed a *praecipe* to enter judgment in this matter, and the prothonotary entered judgment on January 7, 2015.  The entry of judgment on January 7, 2015, and the timely notice of appeal filed that same day are sufficient to perfect our jurisdiction such that we may consider the appeal on its merits.  ***Id***.

The trial court set forth the relevant background of this matter as follows:

> [Appellees] are the owners of a 1.295 acre parcel of land in South Union Township, Fayette County, Pennsylvania, which they purchased by deed dated January 31, 2007, from Frank R. Rhodes and Editha Rhodes, hereinafter "Rhodes". This property was purchased by Rhodes from Edna I. Beal, hereinafter "Beal", by deed dated February 19, 1972. Beal acquired a large tract of land, consisting of more than 100 acres, from William C. McClernan and Florence W. McClernan, on January 29, 1955, and it was from this large tract that Beal conveyed 1.295 acres to Rhodes. After Beal acquired this large tract of land, she began to subdivide this property, and she made various conveyances during her lifetime, in addition to the conveyance to Rhodes. After her death, Beal's Administrator transferred the remainder of the large tract acquired by Beal to I.J. Realty, Inc. on December 1, 1973. I.J. Realty, Inc. conveyed the remainder of the large tract to [Appellant] on March 15, 1984.
>
> The subdivided tracts conveyed by Beal include a reference or boundary as a "50 foot public road", which is now known as "Maple Hill Lane". The parties have stipulated that Maple Hill Lane has not been dedicated nor accepted by South Union Township as a public roadway. The deeds of conveyance made from Beal, including the deed to the [Appellees'] property, refer to the road leading from Duck Hollow Road as a "public road", and the survey attached to each deed depicts a 50 foot street or "public road".
>
> After purchasing their lot from Rhodes, [Appellees] constructed a residence on their lot. [Appellees] have used Maple Hill Lane to gain access to and from their home, and at this time [Appellees] wish to install a water line along or under Maple Hill Lane in order to obtain public water from Pennsylvania American Water Company. Although [Appellees] have had access to well water for their lot, [Appellee] Brenda Matthews experiences an adverse physical reaction to the continued use of the well water, and it has been necessary for her to travel to a relative's home to use water for her daily needs. [Appellant] has prohibited [Appellees] from installing the water line necessary to access public water.

Trial Court Opinion, 12/3/14, at 1-3. Appellees filed a complaint against Appellant, seeking declaratory judgment and injunctive relief. In particular, Appellees claimed a right to use Maple Hill Lane for the installation of a

- 2 -

water line. Following a nonjury trial, the trial court issued an order granting Appellees relief. Specifically, the trial court directed, *inter alia*:

> [Appellees], their heirs and assigns, shall have an easement over the private road known as "Maple Hill Lane", and [Appellees'] use of the easement shall include the right to use Maple Hill Lane for ingress, egress and regress and for the installation of utilities, without limitation, from the public road to the property owned by [Appellees].

Order, 12/3/14, at 1. The trial court also enjoined Appellant "from interfering with [Appellees'] installation of a water line along the edge of Maple Hill Lane to Duck Hollow Road, to provide public water service to [Appellees'] residence." *Id.* at 1-2. Appellant filed a post-trial motion that was denied by order entered on December 19, 2014. Judgment was entered on January 7, 2015, and Appellant filed a timely appeal. Both Appellant and the trial court have complied with Pa.R.A.P. 1925.

On appeal, Appellant raises a single issue for our review:

> Does the fact that the lot owner has the right to use a private road as a means of ingress and egress to his lot carry with it the right to place a water line or other utility in that private road?

Appellant's Brief at 4.

Our standard of review is as follows:

> Our appellate role in cases arising from non-jury trial verdicts is to determine whether the findings of the trial court are supported by competent evidence and whether the trial court committed error in any application of the law. The findings of fact of the trial judge must be given the same weight and effect on appeal as the verdict of a jury. We consider the evidence in a light most favorable to the verdict winner. We will reverse the trial court only if its findings of fact are not supported by competent evidence in the record or if its findings are premised on an error of law. However, where the issue . . . concerns a question of law, our scope of review is plenary.

The trial court's conclusions of law on appeal originating from a non-jury trial are not binding on an appellate court because it is the appellate court's duty to determine if the trial court correctly applied the law to the facts of the case. **Stephan v. Waldron Elec. Heating and Cooling**, **LLC**, 100 A.3d 660, 664-665 (Pa. Super. 2014) (citation omitted). Instantly, as noted, Appellees prevailed in the trial court on their request to install a water line along or under Maple Hill Lane, which the parties agree is a private road. Appellant, therefore, challenges the trial court's conclusion that Appellees' easement by necessity for ingress and egress over Maple Hill Lane also included a right for installation of utilities.[2]  At the outset, we must note, as we did in **Youst v. Keck's Food Service, Inc.**, 94 A.3d 1057 (Pa. Super. 2014), that we are unable to locate and are unaware of any decision where a court in this Commonwealth has granted an easement by necessity for anything other than a landlocked property owner's need for ingress, egress or regress. Indeed, as we observed in **Youst**, an easement by necessity has not been recognized in this Commonwealth "for any other purpose than for ingress to a piece of land and egress from the piece of land" and no intervening case has altered that observation. **Youst**, 94 A.3d at 1076. Accordingly, we conclude that

_____

[2] Appellees' right to ingress, egress, or regress Maple Hill Lane is not at dispute here.

- 4 -

the trial court erred in applying easement by necessity to the situation *sub judice* where Appellees seek to install utilities. Even if we were to assume for the moment that easements by necessity could be claimed for utilities, Appellees still are not entitled to relief. It is settled that an easement by necessity is not based upon an agreement, but contemplates a situation in which a parcel of land is landlocked. ***Phillippi v. Knotter***, 748 A.2d 757, 760 (Pa. Super. 2000). An easement by necessity requires no proof of the parties' intent. The three fundamental requirements for an easement by necessity are as follows:

> 1) The titles to the alleged dominant and servient properties must have been held by one person.
>
> 2) This unity of title must have been severed by a conveyance of one of the tracts.
>
> 3) The easement must be necessary in order for the owner of the dominant tenement to use his land, with the necessity existing **both** at the time of the severance of title and at the time of the exercise of the easement.

***Id.*** at 760 (citation omitted) (emphasis added).

Thus, to establish an easement by necessity, Appellees have to demonstrate, *inter alia*, that the necessity giving rise to the easement existed **both** "at the time of the severance of title and at the time of the exercise of the easement." ***Phillippi***, ***supra***; ***see Possessky v. Diem***, 399, 655 A.2d 1004, 1010 (Pa. Super. 1995) (noting that "the necessity must exist at the time of severance of the land") (citation omitted). Appellees' property first was deeded from Beal to Rhodes in 1972 when Beal

began to subdivide land and severed the subject property from a larger parcel. Appellees' Complaint, 11/21/11 at ¶'s 4-5. Rhodes deeded the property to Appellees in 2007. The record before us does not indicate that any necessity existed at the time title was severed in 1972 to create Appellees' parcel. To claim an easement by necessity Appellees had to show that the necessity for water existed in 1972 and was claimed as of that time. It is undisputed that Appellees were aware of the lack of public water when they purchased the property in 2007, some 35 years after the severance in title. The property had well water. The necessity raised here did not involve a lack of water or access to water necessary for the use and enjoyment of the property at the time title was severed in 1972. The necessity claimed is predicated solely on Appellee Brenda Matthews' personal reaction to well water in 2010, some three years after Appellees acquired the property.[3] *Id.* at ¶ 3. Since the necessity claimed arises more than 40 years after severance of title, an easement by necessity cannot be found to exist.

_____

[3] We note that the grant of an easement by necessity for installation of a public water line may have an adverse consequence for not only Appellant, but also neighboring landowners who use well water. Many municipalities in this Commonwealth have ordinances requiring landowners to connect to a public water system if their primary residence is located within 150 feet of the system, regardless of the availability of well water. ***See*** 53 P.S. § 67603.

Accordingly, we conclude that the trial court erred in finding an easement by necessity in Appellees' favor.[4]

_____

[4] To the extent the Learned Dissent relies on **PARC Holdings, Inc. v. Killian**, 785 A.2d 106 (Pa. Super. 2001) to find a utility easement by necessity in this case, we find such reliance to be inapposite because of the fundamental difference between express easements and those by necessity. In **PARC Holdings**, this Court was asked to interpret the language of an express easement to determine whether it encompassed installation of utilities. **Id.** at 110-11. As with any contract, the rights conferred by the grant of the express easement had to be ascertained solely from the language of the deed, provided the deed language was unambiguous. **Id.** (citing **Dowgiel v. Reid**, 59 A.2d 115 (Pa. 1948); **Hutchison v. Sunbeam Coal Corp.**, 519 A.2d 385 (Pa. 1986)). This Court however, found the language to be ambiguous in that it did not specify a limited purpose for the access granted and therefore, we determined the focal point of inquiry was the intention of the parties who created the easement. Ultimately, this Court held that the evidence found credible by the trial court was sufficient to find that the easement agreed to between the parties permitted an extension of the public road with utilities to the remaining property. Because utilities already were installed along the public road, the logical implication was that the parties intended to extend the utilities along with the road. The decision in **PARC Holdings** was a matter of contract interpretation, an irrelevant consideration to determining if an easement by necessity exists. Moreover, the Dissent's attempt to equate our decision in **PARC Holdings** to this case based upon the rationale that we are evaluating the words "ingress and egress" over a road originally referred to as a "public road" in the conveyance from Beal misses the mark. Dis. Mem. at 4. The words "ingress and egress" do not appear anywhere in the 1972 Beal conveyance to the grantee Rhodes, who subsequently conveyed the property to Appellees in 2007. The reference to a "public road" in the conveyance appears solely to delineate the boundaries of the property conveyed. Although Maple Hill Lane was initially intended to be dedicated as a public road, this never occurred and it is undisputed the road then and now exists as a private road. Without a conveyance providing for ingress and egress, the rationale in **PARC Holdings** is of little assistance to resolving the instant appeal. To hold otherwise, would vastly change our law relating to easements by necessity.

Finally, to the extent Appellant also argues that the trial court abused its discretion in granting Appellees an easement by implication for utilities, we agree. It is settled that an easement by implication:

> rest[s] upon the principle that, where the owner of two or more adjacent lots sells a part thereof, he grants by implication to the grantee all those **apparent and visible** easements which are necessary for the **reasonable use of the property granted**, which **at the time of the grant are used by the owner of the entirety for the benefit of the part granted**.

*Sentz v. Crabbs*, 630 A.2d 894, 895 (Pa. Super. 1993) (citation omitted) (emphasis added). Instantly, the record before us is devoid of any evidence that Maple Hill Lane was ever used for any purpose other than ingress, egress or regress. Accordingly, the trial court likewise erred in finding an easement by implication for utilities.

Judgment reversed.

Judge Ott joins this memorandum.

Judge Shogan files a dissenting memorandum.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/28/2016

- 8 -