J-S51044-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| KAYEEJAH OAKLEY, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| THOMAS RICHARD CLARK, | |
| Appellant | No. 3000 EDA 2015 |

Appeal from the Judgment Entered August 26, 2015
in the Court of Common Pleas of Philadelphia County
Civil Division at No.: 140100583

BEFORE:  GANTMAN, P.J., LAZARUS, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:  **FILED AUGUST 12, 2016**

Appellant, Thomas Richard Clark, appeals from the trial court's August 26, 2015 order entering judgment in favor of Appellee, Kayeejah Oakley, and denying his motion for post-trial relief.[1]  Specifically, he claims that the court should have granted post-trial relief because it erred in granting Appellee's motion *in limine*.  We affirm.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] Appellant purports to appeal from the August 26, 2015 order denying his post-trial motion.  "An appeal from the denial of post-trial motions is interlocutory and not a final appealable order." **Sagamore Estates Prop. Owners Ass'n v. Sklar**, 81 A.3d 981, 983 n.3 (Pa. Super. 2013) (citation omitted).  However, the prothonotary also entered judgment on August 26, 2015.  "The entry of judgment sufficiently perfects our jurisdiction, and we may proceed to consider the appeal on its merits."  **Id.**  We have corrected the caption to reflect that Appellant is appealing from the judgment entered.

We take the factual and procedural history in this matter from our review of the certified record and the trial court's December 15, 2015 opinion. On January 9, 2014, Appellee filed a breach of contract action against Appellant alleging that he breached an oral contract between the parties when he refused to deliver title to a Porsche Panamera after Appellee made all required payments to him.

Prior to trial, the court considered two motions *in limine* filed by Appellee. The first, filed May 13, 2015, sought to preclude introduction of evidence from unrelated criminal proceedings involving the parties. The second, filed May 15, 2015, sought to preclude evidence in the form of text messages, which he contended were produced after the discovery deadline had passed. Appellant filed an answer to the first motion, but failed to file an answer to the second motion, in contradiction of the court's pretrial order, which required a response to motions within ten days of service.[2] (**See** Order, 5/04/15). On June 11, 2015, the court denied Appellee's

_____

[2] The relevant portion of the pretrial order provides:

> (4) **Motions *in Limine*** shall be filed and served upon all opposing counsel not later than fifteen (15) days before jury selection for trial. . . . Respondent(s) shall file and serve an answer within ten (10) days thereafter. If Motions *in Limine* have been resolved or are uncontested, the trial judge should be notified immediately.

(Order, 5/04/15).

motion to preclude evidence of criminal proceedings. (*See* N.T. Hearing, 6/11/15, at 11; Order, 6/11/15). With respect to Appellee's motion *in limine* seeking to preclude the text message evidence, it found that counsel had nearly one month to answer, and yet failed to file a response or opposition to the motion. Therefore, it granted the motion and precluded evidence of the text messages. (*See* N.T. Hearing, 6/11/15, at 11-13; Order, 6/11/15). Appellant filed a motion for reconsideration, which the court denied.

The case proceeded to a jury trial on June 12, 2015. At trial, Appellee testified that in July 2012, he was in the market for a new car. (*See* N.T. Trial, 6/12/15, at 46). However, because his credit score was so low, he was unable to obtain financing for a loan. (*See id.* at 47). At the time, Appellant and Appellee were close friends. (*See id.* at 45).

Appellee testified that when he found out that he was unable to purchase the car in his own name, he asked Appellant, "let me just put it in your name and then put the rest of the loan in your name, and let me pay it off, and then once it's paid off, you give me the title and I will put the car in my name." (*Id.* at 49). Appellee intended to pay sixty-thousand dollars as a down payment for the car. (*See id.* at 50). Thereafter, he agreed to pay off the car as quickly as possible by giving Appellant "lump sum payments every chance that [he] got[,]" and to make the payments either directly, in person to Appellant, or by depositing the payments into Appellant's bank account. (*Id.*; *see id.* at 169-70). Appellee claims that pursuant to their agreement he was responsible for paying off the car before Appellant

purchased a new car, which he anticipated would happen in one or two years. (*See id.* at 49-50, 134).

On July 5, 2012, Appellant and Appellee went to the Main Line Porsche dealership and purchased the vehicle. Appellee paid the agreed to $60,000.00 down payment. (*See id.* at 53). Appellant obtained financing for the $35,000.00 balance due on the car through Gateway Lending, the dealership's finance company. (*See id.* at 54-55). The loan had a sixty-month term at a twelve and one-half percent interest rate, which resulted in monthly minimum payments of $764.57. (*See id.* at 56-57).

In his trial testimony, Appellant testified that he and Appellee agreed that if Appellee gave him "[h]alf the money down on the car, collateral for the remaining balance of the car and [payment of the balance] in six months[,]" Appellant would sign for the loan. (N.T. Trial, 6/15/15, at 46). He testified that after he and Appellee purchased the car, Appellee gave him a Rolex watch, which was worth at least twenty-five thousand dollars, as collateral. (*See id.* at 50). He and Appellee had a falling out in October 2012, after which they agreed that Appellant would give Appellee back the watch, Appellee would "cash it out," meaning that he would sell the watch, and use the money to pay off the loan. (*Id.* at 54; *see id.* at 52-54).

Appellant testified that from June through December 2012, Appellee made cash deposits of varying amounts into his bank account for the car loan, and in January 2013, Appellee gave him $9,000.00 in cash as payment. (*See* N.T. Trial, 6/12/15, at 195-96). Appellee's deposits all

exceeded the minimum loan payment. (**See id.** at 200). Appellant conceded that in November 2013, Appellee paid him $9,080.00, which he confirmed was the final amount due on the loan. (**See id.** at 206-07). However, Appellant did not pay off the loan from Gateway Lending, because he perceived the agreement between the parties to have required the loan to be paid off in six months, by December 2012. (**See id.** at 170, 208).

Appellant had the car repossessed from Appellee in November 2013. (**See** N.T. Trial, 6/15/15, at 58). He later sold the car for fifty-one thousand dollars. (**See id.** at 93). Appellant agreed that Appellee paid approximately ninety-five thousand dollars on the car; however, he explained that he did not give him any money back after he sold the car because Appellee had breached their contract. (**See id.** at 91). Appellant did not make an oral or written motion for a directed verdict at the close of evidence.

On June 15, 2015, the jury arrived at a unanimous verdict finding that a contract existed between the parties, Appellee satisfied his obligations under the contract, and Appellant breached his obligations. (**See id.** at 170). The jury awarded Appellee damages of $60,000.00. (**See id.** at 171).

On June 25, 2015, Appellant filed a motion for post-trial relief, in which he sought a new trial or alternatively, entry of judgment in his favor. He argued that the trial court erred in granting Appellee's motion *in limine*. In his brief, Appellant also attempted to obtain a directed verdict pursuant to Pennsylvania Rule of Civil Procedure 226. **See** Pa.R.C.P. 226(b) ("**At the close of all the evidence**, the trial judge may direct a verdict upon the oral

or written motion of any party.") (emphasis added). On August 26, 2015, the trial court denied Appellant's motion and entered judgment in favor of Appellee.

This timely appeal followed. Pursuant to the trial court's order, Appellant filed his timely statement of errors complained of on appeal on December 24, 2015. *See* Pa.R.A.P. 1925(b). The court entered its opinion on December 15, 2015. *See* Pa.R.A.P. 1925(a).

Appellant raises two questions on appeal:

1. Whether the trial court's August 26, 2015, order was an abuse of discretion and error of law when it denied [Appellant's] [p]ost-trial motion seeking a new trial due to the trial court's granting of [Appellee's] [m]otion *in* [*l*]*imine* which precluded the entry at trial of various text messages exchanged between the parties which were germane to the underlying transaction at issue[?]

2. Whether the trial court's August 26, 2015, order was an abuse of discretion and error of law when it denied Appellant's [p]ost-trial motion seeking entry of judgment pursuant to Pa.R.C.P. 227.1(a)(2) because had the various text messages been admitted at trial, the jury would have likely returned a verdict in favor of Appellee [sic] [?]

(Appellant's Brief, at 4).[3]

_____

[3] We note that Appellant attempts to raise an additional issue in his brief challenging the denial of an alleged motion for a directed verdict. (***See*** Appellant's Brief, at 13). However, this issue was not raised in his statement of questions presented, nor can it be inferred therefrom. ***See*** Pa.R.A.P. 2116(a). Appellant also failed to raise it in his statement of errors complained of on appeal. Accordingly, it is waived. ***See*** Pa.R.A.P. 1925(b)(4)(vii).

*(Footnote Continued Next Page)*

Our standard of review concerning denial of a post-trial motion is well-settled.

> [O]ur standard of review when faced with an appeal from the trial court's denial of a motion for a new trial is whether the trial court clearly and palpably committed an error of law that controlled the outcome of the case or constituted an abuse of discretion. In examining the evidence in the light most favorable to the verdict winner, to reverse the trial court, we must conclude that the verdict would change if another trial were granted. Further, if the basis of the request for a new trial is the trial court's rulings on evidence, then such rulings must be shown to have been not only erroneous but also harmful to the complaining parties. Evidentiary rulings which did not affect the verdict will not provide a basis for disturbing the jury's judgment. . . .
>
> Moreover, the admission or exclusion of evidence is within the sound discretion of the trial court. In reviewing a challenge to the admissibility of evidence, we will only reverse a ruling by the trial court upon a showing that it abused its discretion or committed an error of law.

*Blumer v. Ford Motor Co.*, 20 A.3d 1222, 1226 (Pa. Super. 2011), *appeal denied*, 49 A.3d 441 (Pa. 2012) (citation omitted).

> Our standard of review when considering motions for a directed verdict and judgment notwithstanding the verdict are identical. We will reverse a trial court's grant or denial of a judgment notwithstanding the verdict only when we find an abuse of discretion or an error of law that controlled the outcome of the

---

*(Footnote Continued)* ─────────────

Moreover, after careful review of the certified record, we find that Appellant failed to make an oral or written motion for a directed verdict at the close of the evidence. *See* Pa.R.C.P. 226(b); *Haan v. Wells*, 103 A.3d 60, 68 (Pa. Super. 2014) (reasoning that failure to move for directed verdict results in waiver of right to seek judgment n.o.v.); (*see also* N.T. Trial, 6/15/15, at 98-101). Accordingly, this issue is waived.

case.  Further, the standard of review for an appellate court is the same as that for a trial court.

***Drake Mfg. Co., Inc. v. Polyflow, Inc.***, 109 A.3d 250, 258–59 (Pa. Super. 2015) (citations omitted).  Furthermore, "post-trial relief may not be granted unless the grounds therefor, (1) if then available, were raised in pre-trial proceedings or by motion, objection, point for charge, request for findings of fact or conclusions of law, offer of proof or other appropriate method at trial[.]"  Pa.R.C.P. 227.1(b).

In both of Appellant's issues, he argues that the trial court erred and abused its discretion when it granted Appellee's motion *in limine* because Appellant failed to respond to the motion.[4]  (***See*** Appellant's Brief, at 7-12).  Although he alleges the trial court's error prejudiced him at trial because it resulted in the jury not viewing all of the evidence, he does not provide any pertinent discussion concerning whether such error controlled the outcome of the case.  (***See id.*** at 9-11).  Accordingly, Appellant has failed to develop any pertinent argument that invokes the applicable standard of review.  ***See Drake Mfg. Co., Inc.***, ***supra*** at 258–59; ***Blumer***, ***supra*** at 1226.  Appellant's issues are waived and would not merit relief.

---

[4] Appellant failed to comply with our Rules of Appellate Procedure requiring the argument section in his brief to be divided into as many parts as there are questions to be argued, with pertinent discussion and citation of authority concerning each point.  ***See*** Pa.R.A.P. 2119(a).  Accordingly, and because his questions both concern the trial court's abuse of discretion in granting Appellee's motion, we discuss Appellant's issues together.

A trial court's decision to grant or deny a motion *in limine* is subject to an evidentiary abuse of discretion standard of review.

Questions concerning the admissibility of evidence lie within the sound discretion of the trial court, and we will not reverse the court's decision absent a clear abuse of discretion. An abuse of discretion may not be found merely because an appellate court might have reached a different conclusion, but requires a manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support so as to be clearly erroneous.

In addition, to constitute reversible error, an evidentiary ruling must not only be erroneous, but also harmful or prejudicial to the complaining party.

*Parr v. Ford Motor Co.*, 109 A.3d 682, 690–91 (Pa. Super. 2014) (*en banc*), *appeal denied*, 123 A.3d 331 (Pa. 2015), *cert. denied*, 136 S.Ct. 557 (2015) (citations and quotation marks omitted).

Here, the trial court granted Appellee's motion *in limine* after Appellant did not file a response objecting to the motion within the ten days provided by the court's order. (*See* Order, 5/04/15). In fact, Appellant failed to file any response to the motion within the nearly one-month period after the motion was filed before the court heard argument, and "could provide no reason for [his] failure to respond at the trial [c]ourt hearing on [m]otions *in [l]imine*." (Trial Court Opinion, 12/15/15, at 2). As such, the trial court's decision to grant Appellee's unopposed motion *in limine* was not manifestly unreasonable, or the product of partiality, prejudice, bias, or ill-will. *See Parr*, *supra* at 690–91.

Furthermore, the record is clear that "[Appellant] offered ample testimony in his own behalf, and evidence in his own behalf. The jury, as

fact finder, did not believe him." (Trial Ct. Op., at 4). Rather, "[s]ufficient evidence was adduced at trial that [Appellant] had the Porsche on which [Appellee] had put a down payment of $60,000.00 repossessed without consent or knowledge of [Appellee], had converted money [Appellee] had given [him] to pay off the car loan, and had sold [Appellee's] car without remunerating [him]." (*Id.* at 6).

Therefore, we conclude that the trial court properly denied Appellant's motion for post-trial relief where Appellant has failed to demonstrate an abuse of discretion or error of law, which controlled the outcome of the case. *See Drake Mfg. Co., Inc.*, *supra* at 258–59; *Blumer*, *supra* at 1226. Appellant's issues do not merit relief.

Judgment affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/12/2016